Filed
D.C. Superior Court
08/24/2018 12:38PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MOHAMMAD MOADDAB, DDS<br>5905 Ipswich Road<br>Bethesda, Maryland 20814<br><br>Plaintiff<br><br>v.<br><br><br><br>NATIONWIDE MUTUAL INSURANCE CO.<br>One Nationwide Plaza<br>Columbus, Ohio 43215-2220 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2018 CA 006095 B |

## COMPLAINT
(Breach of Insurance Contract)

Comes now the Plaintiff, Mohammad Moaddab, DDS, by his undersigned counsel, and for his Complaint against Defendant Nationwide Mutual Insurance Company ("Nationwide") states as follows:

### JURISDICTION

1. Jurisdiction of the Court is invoked pursuant to D.C. Code § 11-921, and by virtue of the fact that all acts and omissions and the breach of contract complained of, occurred in the District of Columbia.

2. Subject matter jurisdiction of this Court is founded upon District of Columbia Code § 11-921, *et seq*.

3. *In personam* jurisdiction over Defendant Nationwide is premised upon the District of Columbia Long-Arm statute, D.C. Code §§ 13-423(a)(1) (transacting business in the District of Columbia), 13-423(a)(3) (causing tortious injury in the District of Columbia by an act or omission in the District of Columbia), and/or 13-423(a)(4) (causing tortious injury in the District

1

of Columbia by an act or omission outside the District of Columbia if the defendant regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed in the District of Columbia).

4. Venue lies in the Superior Court of the District of Columbia as the cause of action arose in the District of Columbia.

## PARTIES

5. Plaintiff is an adult resident of the State of Maryland who, at the time of the flood incident described *infra*, operated a dental practice out of a building he owned in the District of Columbia.

6. Defendant Nationwide is a foreign corporation regularly doing business in the District of Columbia.

## STATEMENT OF RELEVANT FACTS

7. On or about October 5, 2012, Plaintiff and Defendant entered into a contract of insurance, known as a "Premier Businessowners Policy" (the "Policy"). The Policy, No. ACP BPOM 2415374215, covered Plaintiff's office building, including his dental practice, located at 1318 Pennsylvania Avenue, S.E., Washington, D.C. 20003-3015, and insured against various types of potential losses. The coverage provided under the Policy included the following kinds of losses:

    a. Building – Replacement cost.

    b. Business Personal Property – Replacement cost.

    c. Business income – Actual Loss Sustained – 12 months.

    d.    Extra Expense - Actual Loss Sustained – 12 months.

    e.    Equipment Breakdown.

    f.    Back Up of Sewer and Drain Water.

    g.    Appurtenant Structures.

    h.    Accounts Receivable.

    i.    Valuable Papers and Records (at the Described Premises).

    j.    Electronic Data.

    k.    Interruption of Computer Operations.

    l.    Building Property of Others.

8. Plaintiff duly paid the assessed premium for the above-referenced insurance coverage for the policy period December 7, 2012 through December 7, 2013.

9. Plaintiff's building at 1318 Pennsylvania Avenue, S.E., Washington, D.C. ("1318") is a three story townhouse. At the time of the flood described herein, Plaintiff's dental office was located on the second floor. Plaintiff and his son, Dr. Arta Moaddab, DDS ("Arta"), had an active practice of dentistry there. The first floor had been rented to an accounting firm, but was vacant when the flood in question occurred.

10. On or about June 7, 2013, 1318 experienced a flood after a piece of dental equipment called a Cavitron developed a leak. The leak from the Cavitron, which was located in the second floor dental office operated by Plaintiff, caused the ceiling of the first floor to come down, and resulted in a large accumulation of water in the building basement.

11. Plaintiff promptly reported the flood to Nationwide. Nationwide assigned an adjuster named Thomas Garrigan ("Garrigan") to Plaintiff's claim. On or about June 11, 2013,

Nationwide contacted a general contractor, Nichols Brothers Construction ("Nichols"), to assess the damage to Plaintiff's building.

12. On or about June 13, 2013, Nichols sent an estimator named Matt Nichols to inspect the premises and give an estimate for repair.

13. Between June and November, 2013, repairs on Plaintiff's property were delayed because Nationwide repeatedly asked for documentation and information which Plaintiff promptly produced, but which did not satisfy Nationwide. During that period conditions were getting progressively worse due to mold contamination.

14. In or about late November, 2013, Nationwide contracted with a mold remediation service to eliminate mold resulting from the flood. At or about that time, Plaintiff and his son were forced to discontinue their dental practice in that office. Almost the entire building was gutted by the mold remediator. All of Plaintiff's dental equipment, furniture and patient records were removed and placed by Nationwide or its agent in an unknown warehouse. Plaintiff was never informed of the whereabouts of his belongings; he has never been able to regain the equipment, furniture or records and does not have them to this day.

15. On or about January 29, 2014, Plaintiff entered into a contract with Nichols to undertake repairs to Plaintiff's building. The total cost of the proposed repairs was $75,931.87, and the contract called for "substantial completion" by April 4, 2014. Under Plaintiff's contract of insurance with Nationwide, Nationwide agreed to pay Nichols by issuing interim checks to Plaintiff, who would then make payments to Nichols upon completion of various stages of the repairs.

16. In or about late January, 2014, Plaintiff paid Nichols a deposit of $25,310 on the contract. This payment came from funds received from Nationwide, after approval by Garrigan.

17. Between January 29, 2014 and June, 2014, the only discernable work performed by Nichols was demolition and installation of some inadequate plywood flooring.

18. During this period, Plaintiff repeatedly complained to Garrigan and to Nichols about the lack of progress. He was specifically concerned that Nichols did not do electrical or plumbing "rough-ins", and that his office was unusable for such a long period of time.

19. In or about February of 2014 a pipe burst in the building, causing further damage. In addition, Nichols failed to secure the doors to the building, leaving it prey to burglars and vandals.

20. On July 2, 2014, Arta wrote an email to Garrigan complaining that "[n]o work has been done and it was planned for completion by the end of June."

21. On July 18, 2014, Naz Moaddab, Plaintiff's daughter, wrote an email to Garrigan stating that "My father visited 1318 Pennsylvania Avenue today, to his dismay he saw that yet again nothing has been done.... My practice is in serious danger and our cumulative losses continue."

22. On July 31, 2014, Garrigan sent an email to Plaintiff asking him to give a check to Nichols in the amount of $61,161.52 as the second draw on the revised estimate amount of $129,242.28. As of that date, Plaintiff had not been consulted by Garrigan concerning his satisfaction with the work performed by Nichols.

23. On August 6, 2014, Arta send an email to Matthew Nichols stating that the unit had not been secured during the work, and that Plaintiff & Garrigan "inspected the property a few days ago and to our disappointment it looks like practically nothing has been done."

24. Based upon the lack of progress and Plaintiff's disappointment with the quality and timeliness of the work, Plaintiff declined to pay the second draw to Nichols until the work

was done to Plaintiff's satisfaction. In late August or September, 2014, Nichols walked off the job.

25. In or about late 2014, Arta sent a lengthy email to Garrigan, complaining of the delay in processing the claim, the gutting of the building without Plaintiff's or Arta's knowledge or consent, the removal of their dental equipment, and the "long overdue status over my insurance claim, which is placing an undue burden on my dental practice." Nationwide did nothing to respond to these complaints.

26. Plaintiff requested that Nationwide pay for a new contractor to complete the work started by Nichols. Nationwide did not do so.

27. In or about July of 2015, Plaintiff and Arta brought in a new contracting company, Eagle One Contracting, Inc. ("Eagle"), to estimate the cost of repairs as of that date. On July 16, 2015, Eagle presented an estimate of $277,009 to complete the work started by Nichols.

28. On or about July 20, 2015, Plaintiff presented to Nationwide an itemized Proof of Loss prepared by his accountant. The Proof of Loss included:

    a. $100,852.17 for damages initially reported.

    b. $277,009.00 for structural damage due to flood and water damage per the Eagle estimate.

    c. $288,856.21 for loss of dental equipment, furniture and dental tools.

    d. $474,648.00 for loss of income from November 2013 through November 2015.

    e. $123,400.00 for loss of accounts receivable.

    f. $288,000.00 for loss of anticipated new patient revenue.

The total loss claimed was $1,552,765.30, less a $1,000.00 deductible. Full documentation of the claimed losses was provided by Plaintiff's accountant, Frank Shafian.

29. On January 28, 2016, a lawyer for Nationwide, Michael Budow, took Plaintiff's deposition and received detailed information about the claim.

30. On July 25, 2016, Plaintiff's previous lawyer, Robert Kelly, wrote a letter to Nationwide submitting a supplemental claim arising out of the flood, including:

    a. Loss of business personal property.

    b. Direct physical loss of or damage to covered property removed from the office to preserve it from loss or damage.

    c. The cost of tearing out and replacing all parts of Plaintiff's office to repair the water damage.

    d. Removal of mold and fungi.

    e. Lost business income.

    f. Lost accounts receivable.

31. Between July 25, 2016 and December 15, 2016, Plaintiff and his lawyer received no response to the claim from Nationwide. On December 15, 2016, Mr. Budow wrote a letter to Mr. Kelly requesting further information and documentation in connection with the claim. In the letter, Mr. Budow advised Mr. Kelly that "I have immediately forwarded your email of December 15, 2016 to the Nationwide representatives for their review and I will provide a further response in the near future."

32. Between December 15, 2016 and the date of filing this Complaint, Plaintiff and his representatives have furnished all additional documentation of their losses in their possession which Nationwide has requested, and in return all they have received has been requests for more

information and documents. Many of the documents which Nationwide has requested were taken away by Nationwide or its contractors and placed in an unknown warehouse, and have never been returned to Plaintiff.

33. On June 15, 2018, present counsel for Nationwide, Walter E. Gillcrist, Jr., wrote a letter to present counsel for Plaintiff stating that Nationwide still required additional documentation so that it could "properly and fully investigate the claims that your client was advancing so that a correct decision could be made on the claims consistent with the terms of his insurance policy with Nationwide."

34. Plaintiff, through counsel, has repeatedly insisted that it has provided all the requested documentation in its possession and demanded that the claim be honored by Nationwide.

35. Up to the date of the filing of this Complaint, Nationwide has neither denied Plaintiff's claim nor honored it by paying any insurance benefits other than the payments intended for Nichols.

36. 1318 has remained vacant and unusable since the date of the flood in June of 2013.

37. On June 19, 2018, in an effort to mitigate his damages, Plaintiff contracted to sell 1318 in an "as is" condition to a developer. The sales price was substantially lower than it would have been if 1318 had been properly repaired by Nationwide.

38. Had Nationwide repaired the building as required under the insurance contract, Plaintiff would have continued using it as a dental office or he would have rented it out. Either way, he would have received substantial income from the property, and he has been deprived of such income as a result of Nationwide's breach.

39. The aforementioned facts evidence that Nationwide has breached the implied covenant of good faith and fair dealing.

## CAUSE OF ACTION

40. Plaintiff entered into a valid and binding insurance contract with Defendant, pursuant to which Plaintiff paid the required premium, and Nationwide was required to provide the insurance coverage and benefits provided in the contract.

41. Defendant breached its insurance contract with Plaintiff by failing to provide the insurance coverage and benefits provided in the contract.

42. Defendant has also breached the implied covenant of good faith and fair dealing.

43. As a direct and proximate cause of the aforesaid breach of contract, Plaintiff has suffered past and future damages, including all damages set forth in par. 28, *supra*, plus additional loss of income from November of 2015 to the present time, diminishment of the value of 1318, and other economic damages as allowed by law.

**WHEREFORE**, Plaintiff respectfully requests that Judgment for breach of contract in the amount of at least two million dollars ($2,000,000) be entered against Defendant, and that Plaintiff be awarded all damages allowed by law including compensatory damages, incidental and consequential damages, and future economic damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

MOHAMMAD MOADDAB, DDS
Plaintiff
By Counsel

CROWLEY, HOGE & FEIN, P.C.

By: /s/ Christopher G. Hoge
    Christopher G. Hoge #203257

Attorney for Plaintiff
1730 Rhode Island Avenue, N.W.
Suite 1015
Washington, D.C. 20036
(202) 483-2900

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues of fact raised herein.

                        /s/ Christopher G. Hoge
                        Christopher G. Hoge

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Mohammad Moaddab, DDS                     Case Number: __2018 CA 006095 B__

vs                                         Date: _____

Nationwide Mutual Insurance Co.           ☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print)  Christopher G. Hoge | Relationship to Lawsuit |
|---|---|
| Firm Name: Crowley, Hoge & Fein, P.C. | ☒ Attorney for Plaintiff |
| Telephone No.: (202) 483-2900  Six digit Unified Bar No.: #203257 | ☐ Self (Pro Se)  ☐ Other: ____ |

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $ __2,000,000__                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar #: _____

### NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**                                **COLLECTION CASES**

- ☒ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 07 Personal Property
- ☐ 13 Employment Discrimination
- ☐ 15 Special Education Fees

- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 17 OVER $25,000 Pltf. Grants Consent
- ☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

- ☐ 16 Under $25,000 Consent Denied
- ☐ 18 OVER $25,000 Consent Denied
- ☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
- ☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 27-102 (a)
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass

**C. PERSONAL TORTS**

- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile- Personal Injury
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical (Including Wrongful Death)
- ☐ 16 Negligence- (Not Automobile, Not Malpractice)
- ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
- ☐ 18 Wrongful Death (Not Malpractice)
- ☐ 19 Wrongful Eviction
- ☐ 20 Friendly Suit
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts
- ☐ 23 Tobacco
- ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____          _8-24-18_____
Attorney's Signature                              Date



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Mohammad Moaddab, DDS
_____
Plaintiff
vs.

Nationwide Mutual Insurance Co.
_____
Defendant

Case Number  2018 CA 006095 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher G. Hoge
_____
Name of Plaintiff's Attorney

1730 Rhode Island Avenue, N.W. Suite 1015
_____
Address
Washington, D.C. 20036

(202) 483-2900
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  08/27/2018

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Đề có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828로 전화주십시오.     ያማርኛ ትርጉም ለማግኘት (202) 879-4828     ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                            Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante
contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____
                            Subsecretario
_____
Dirección

Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
한국어 번역을 원하시면 (202)879-4828 로 연락하시기 바랍니다    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

MOHAMMAD MOADDAB DDS
   Vs.                                    C.A. No.     2018 CA 006095 B
NATIONWIDE MUTUAL INSURANCE CO.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                        Chief Judge Robert E. Morin

Case Assigned to: Judge ELIZABETH WINGO
Date:   August 27, 2018
Initial Conference: 9:30 am, Friday, November 30, 2018
Location:  Courtroom A-47
             515 5th Street NW
             WASHINGTON, DC 20001

                                                                                           CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

## AFFIDAVIT OF PROCESS SERVER

Superior Court of the District of Columbia
Civil Division

RECEIVED
SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

2018 SEP 15 PM 1: 18

**Mohammad Moaddab, DDS**

    Plaintiff(s),

VS.

**Nationwide Mutual Insurance Co.**

    Defendant(s).

Attorney: Christopher G. Hoge

Crowley Hoge & Fein, P.C.
1730 Rhode Island Ave., NW
Washington DC 20036



*233357*

**Case Number: 2018CA006095B**

Legal documents received by Same Day Process Service, Inc. on **09/14/2018** at **11:41 AM** to be served upon **Nationwide Mutual Insurance Co., by serving Corporation Service Company at 1090 Vermont Ave., NW, #430, Washington, DC 20005**

I, **B. Tony Snesko**, swear and affirm that on **September 14, 2018** at **1:07 PM**, I did the following:

Served **Nationwide Mutual Insurance Co., by serving Corporation Service Company** by delivering a conformed copy of the **Summons; Complaint; Information Sheet; Initial Order and Addendum** to **Linsey Magalis** as **Authorized Agent** of **Nationwide Mutual Insurance Co., by serving Corporation Service Company** at **1090 Vermont Ave., NW, #430 , Washington, DC 20005**.

**Description of Person Accepting Service:**
Sex: Female Age: 27 Height: 5ft0in-5ft4in Weight: 100-130 lbs Skin Color: Caucasian Hair Color: Brown

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

B. Tony Snesko
Process Server

**Same Day Process Service, Inc.**
1413 K St., NW, 7th Floor
Washington DC 20005

(202)-398-4200

Internal Job ID: 233357

District of Columbia: SS
Subscribed and Sworn to before me
this ___ day of _____

Michael Molash, Notary Public, D.C.
My commission expires July 14, 2022

